United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTONIO C. SIMONELLI,                                    No. C 02-1107   JL

                    Plaintiff,

          v.                                             **ORDER**

UNIVERSITY OF CALIFORNIA -
BERKELEY, ET AL.,

                    Defendants.
_____/

### Introduction

          The Court received the parties' joint statement regarding their discovery dispute over

the independent medical examination of Plaintiff under Rule 35, Federal Rules of Civil

Procedure. They met and conferred, both in writing and in person, but were unable to

resolve their dispute. This Court finds the matter suitable for resolution without oral

argument, as provided by Civil Local Rule 7-10(b).

### Factual and Procedural Background

          This case arises out of Plaintiff's claim that Defendants did not provide him with

timely accommodations for his disabilities while he was attending law school at Boalt Hall.

          Plaintiff claims that Defendants' allegedly providing him with enlarged-text materials

late during law school more than six years ago, led him to suffer from "severe"depression,

anger, humiliation, and anxiety. Defendants note that Plaintiff was severely injured in a car

1   accident in March 2004, but that Plaintiff's treating psychiatrist claims that the "sole

2   causation"of Plaintiff' "extreme emotional distress" was "his experience with the

3   University."Plaintiff claims he is still currently suffering from emotional trauma, has been

4   seeking psychiatric counseling on a weekly basis and taking psychotropic medications

5   since August 2004. There is no question that Plaintiff's mental condition is at issue.

6        The parties write concerning a discovery dispute over the time needed to conduct a

7   psychiatric independent medical examination, pursuant to Rule 35, Federal Rules of Civil

8   Procedure. Plaintiff does not object to undergoing an independent psychiatric examination,

9   but refuses to stipulate to the examination because he insists the independent psychiatric

10  expert should be able to complete the examination in three hours. The parties were unable

11  to resolve this dispute despite meeting and conferring both in writing and in person.

12        This Court has jurisdiction over this case pursuant to the Americans with Disabilities

13  Act, 42 U.S.C. § 12133 *et seq.* All parties consented to have this Court try the case, as

14  provided by 28 U.S.C. §636(c) and Civil Local Rule 73.

15                          **FRCP Rule 35 Mental Examination**

16        Rule 35 provides, in pertinent part:

17        When the mental or physical condition . . . of a party . . . is in controversy, the court
          in which the action is pending may order the party to submit to a physical or mental
18        examination by a suitably licensed or certified examiner . . .

19        Plaintiff objects to an eight-hour psychiatric examination, asking the Court to limit it

20  to three hours. Plaintiff initially objected to the scope of the examination as well, and

21  Defendants agreed to limit the scope:

22        The mental examination will consist of an open-ended interview. The mental
          examination will assess the extent of mental suffering, if any, caused to Plaintiff by
23        Defendants in this action, including the impact of the delays in receiving law school
          materials and delay in graduating from Boalt Law School.
24
          This is more limited than Defendants' initial proposal:
25
          The mental examination will consist of an open-ended interview, in which Plaintiff's
26        medical and psychiatric history will be gathered and explored, and her [sic] mental
          status assessed. The examination will include, among other things, inquiries into
27        Plaintiff's current complaints, the history and character of previous psychological
          complaints, medical history, work history, family history, family medical and
28        psychiatric history, and social and developmental history.

**United States District Court**
For the Northern District of California

1    Plaintiff contends that, given the reduced scope of the examination, that Defendants'

2    expert should not need the full eight hours initially requested. Defendants are concerned

3    that if Dr. Lipian receives the full eight hours he will not limit his examination to the events

4    at Boalt Hall, but will conduct a "fishing expedition" and "use the time and opportunity to

5    probe invasively into plaintiff's general medical history, work history, family history, family

6    medical and psychiatric history, and social and developmental history just as he proposed

7    before the parties agreed to narrow the scope of the examination."

8    They contend that even if this "invasive" examination uncovered a pre-existing

9    psychological condition, it would be irrelevant to Plaintiffs' claims, as Defendants must take

10   their plaintiff as they find him. *Pierce v. Southern Pacific Transp. Co.*, 823 F.2d 1366, 1372

11   at fn.2 (9th Cir. 1987) [applying eggshell plaintiff rule to emotional injuries].

12   Defendants rejoin that their psychiatric expert, Mark Lipian ("Dr. Lipian"), is an expert

13   in clinical and forensic psychiatry, whose credentials are beyond reproach. (Ph.D. Yale

14   University in 1985 and M.D. Yale University School of Medicine in 1986).

15   Defendants concede that Dr. Lipian may well conclude the examination in less than

16   eight hours, and he is willing to accommodate Plaintiff by conducting the examination in two

17   to three-hour sessions over several days at Plaintiff's home. However, he cannot be sure of

18   the length of the examination until he has met Plaintiff. He also needs the time to ask all the

19   questions he needs to and permit Plaintiff to take his time and answer fully, in order for Dr.

20   Lipian to arrive at a valid diagnosis. If either Dr. Lipian or Plaintiff feels rushed, argue

21   Defendants, Plaintiff may not be relaxed or at ease and may not provide complete answers.

22   *Nicholas v. Wyndham Int'l., Inc.*, 218 F.R.D. 122, 124 (D.V.I. 2003). Defendants also

23   contend that Plaintiff has a tendency to prolong such proceedings as his deposition, which

24   is currently scheduled for twelve hours. For this reason, it is even more important that the

25   psychiatric examination not be subject to an arbitrary limit.

26                                    **Analysis and Conclusion**

27   The Court carefully considered all the factors in this dispute: Plaintiff's concern that

28   he might be subjected to an invasive probe of his medical and psychiatric history,

**United States District Court**

For the Northern District of California

1   Defendants' concern that their examiner might not be able to make a valid diagnosis. The

2   Court also read the cases cited by both parties, in particular the *Nicholas* case, on which

3   they both relied.

4         In that case, the parents of a minor child brought an action against a resort,

5   stemming from an employee's alleged inappropriate sexual contact with their child. The

6   magistrate judge to whom discovery had been referred limited the resort's independent

7   medical examinations of the child and family and the resort appealed the decision. The

8   court had ordered that the plaintiffs undergo thirteen hours of examination by the resort's

9   experts in the following proportions: six hours total with both parents, five hours total with

10  the child with whom the alleged inappropriate contact occurred, and two hours with the

11  child's brother.

12        The resort requested unlimited time for its experts to administer written

13  psychological tests. The reviewing court rejected this request, finding that the cases on

14  which the resort relied did not mandate that medical examinations proceed without any

15  judicial restraints.

16        The court also noted that courts "sometimes refuse to limit the time or structure of

17  psychological exams when they find that such limits 'would subvert the truth finding function

18  inherent in Rule 35 examinations.'" *Nicholas*, 218 F.R.D. 122 at 124. The court further

19  found that "There is nothing to indicate a limit of thirteen hours for Hornby's psychologists

20  to conduct their examinations might undermine the purpose of Rule 35." *Id.*

21        In the case at bar, Plaintiff is not a child, like the minor child in the *Nicholas* case,

22  where the court found a psychological exam of five hours was not excessive. Nor are

23  Defendants in this case seeking an unlimited time to examine Plaintiff.

24        Rule 35 provides judges with considerable leeway to specify the time, place,

25  manner, conditions, and cope of a mental examination. In the case at bar, Defendants have

26  significantly scaled back the scope of the examination and their expert Dr. Lipian is bound

27  by their stipulation.

28

**United States District Court**
For the Northern District of California

1    This Court finds that the interests of both parties in the examiner's arriving at an

2  accurate diagnosis militates against setting an artificially short time limit on Plaintiff's

3  examination. In light of the case that Plaintiff himself cites, where a child was examined for

4  five hours, and especially where the examiner here is willing to accommodate Plaintiff by

5  breaking up the examination into segments of two or three hours and to conduct the

6  examination at Plaintiff's home, and in light of the limited scope to which Defendants have

7  stipulated and to which their examiner is bound, the Court finds that eight hours is a

8  reasonable time frame for Plaintiff's psychiatric examination.

9    Plaintiff shall make himself available as requested by Defendants.

10    IT IS SO ORDERED.

11  DATED: June 4,  2007

12

13    _____
        James Larson
        Chief Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28