**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11

12   ANTONIO C. SIMONELLI,                    No. C 02-1107   JL

13              Plaintiff,
                                              **ORDER**
14        v.

15   UNIVERSITY OF CALIFORNIA -
     BERKELEY, ET AL.,
16
                Defendants.
17   _____/

18                        **Introduction**

19        This Court *sua sponte* considers whether Plaintiff's claim for lost wages should be

20   decided at trial by the Court or by the jury. Plaintiff in his Complaint alleges the Defendants'

21   liability under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), the

22   Americans With Disabilities Act of 1990 ("ADA") (42 U.S.C. § 12101 et seq.), the California

23   Unruh Civil Rights Act (California Civil Code §§ 51, 52).

24        This Court has original jurisdiction over the federal claims and supplemental

25   jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as the claims under

26   California law arise from the same facts and circumstances as the federal claims and form

27   part of a single case or controversy. All parties consented to the jurisdiction of this Court as

28   provided by 28 U.S.C. §636(c) and Civil Local Rule 73.

**United States District Court**

For the Northern District of California

1

**Claim for Lost Wages**

Plaintiff seeks as damages "His actual damages, including damages for delay in graduation from the Law School and corresponding delay in obtaining employment, the loss of summer employment opportunities, and damages for emotional distress, upset and suffering." (Pltf. Complaint)

**Back Pay Generally**

An award for lost wages is an equitable remedy, because it is a form of restitution and the award is committed to the trial court's discretion. *Curtis v. Loether* (1974) 415 US 189, 197.

In *Lutz v. Glendale Union High School,* the Ninth Circuit expressly held that any award of back pay, such as the award for lost wages that Plaintiff seeks in this case, is an equitable remedy for the court to decide, under both the ADA and accompanying state law. *Id.* at 403 F.3d 1061, 1067 -1070 (9th Cir. 2005).

"Lutz also requested that a jury determine the appropriate amount of back pay, but Glendale argues that, under the ADA, back pay is a matter for resolution by the court, not an issue triable of right by a jury. The Seventh Amendment jury trial right extends only to "Suits at common law," which refers to "suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] [recognized], and equitable remedies [are] administered."

"The question, then, is whether back pay under the ADA is a legal or an equitable remedy. The ADA expressly incorporates the remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-4, 2000e-5, 2000e-6, 2000e-8, 2000e-9. See id. § 12,117(a). Title VII, in turn, authorizes the district court to "order such affirmative action as may be appropriate, which may include ... reinstatement ..., with or without back pay ..., or any other equitable relief as the court deems appropriate." Id. § 2000e-5(g)(1). The reference to "other equitable relief," *id.* (emphasis added), would make sense only if the relief previously described--reinstatement, which may be awarded with or without back pay--is itself equitable.

"Following *Slack*, we would hold that Lutz's request for back pay, which she included along with her demand for reinstatement, sought an equitable remedy, but we must first decide whether *Slack* is still good law. When we decided *Slack*, "Title VII afforded only 'equitable' remedies." Congress subsequently adopted the Civil Rights Act of 1991, which expanded the remedies available under Title VII. An employee may now recover "compensatory and punitive damages" for certain Title VII violations, 42 U.S.C. § 1981a(a)(2), and he is entitled to have a jury determine the amount of such awards, id. § 1981a(c)(1).

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"However, Congress provided that the compensatory and punitive damages remedies it created were "in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e-5(g). Id. § 1981a(a)(2); Thus, Congress did not alter the remedial scheme it had established for back pay. See 42 U.S.C. § 2000e-5(g). In fact, Congress excluded back pay from the types of damages for which it authorized a jury trial. See id. § 1981a(b)(2) ("Compensatory damages awarded under this section shall not include Back pay ...."); id. § 1981a(c)(1) (granting a jury trial right where "a complaining party seeks compensatory or punitive damages under this section"). In light of the nearly uniform view of the courts of appeals that back pay under Title VII must be tried to the court, it is particularly telling that Congress provided a jury trial right for some Title VII claims while expressly declining to do so for back pay.

"Accordingly, we hold that there is no right to have a jury determine the appropriate amount of back pay under Title VII, and thus the ADA, even after the Civil Rights Act of 1991. Instead, back pay remains an equitable remedy to be awarded by the district court in its discretion.

"Lutz also requested back pay under the Rehabilitation Act and the Arizona Civil Rights Act. Because the Rehabilitation Act, like the ADA, incorporates Title VII's back pay remedy, see 29 U.S.C. § 794a(a)(1) (incorporating 42 U.S.C. § 2000e-5(g)), Lutz is not entitled to a jury trial on her back pay claim under that act. And since Title VII caselaw is persuasive in interpreting the Arizona Civil Rights Act, we do not interpret Arizona law as entitling Lutz to a jury trial on her state law request for back pay. See Ariz.Rev.Stat. § 41-1481(G) (remedies for employment discrimination "may include ... reinstatement or hiring of employees with or without back pay ... or any other equitable relief as the court deems appropriate.")

"If the district court holds for Lutz on the question of liability, it therefore cannot reinstate the jury's verdict as to the appropriate amount of back pay under any of the three acts Lutz claims Glendale violated. Rather, the district court must exercise its discretion to determine an appropriate amount of back pay, if any."

*Lutz v. Glendale Union High School District*, 403 F.3d 1061, 1067 -1070 (9th Cir. 2005)

(internal citations omitted).

The Unruh Act has adopted "the full expanse of the ADA," *Presta v. Peninsula Corridor Joint Powers Board*, 16 F.Supp.2d 1134, 1135 (N.D.Cal. 1998). This includes the remedies available, which are those provided by Title VII. In the case at bar, the California Civil Rights Act, Cal. Civil Code §51 et seq., the "Unruh Act," like the Arizona statute alluded to in *Lutz*, incorporates the remedial provisions of Title VII, including back pay as an equitable remedy, to be determined "by a jury, or a court sitting without a jury." Cal. Civ.

1  Code §52. Therefore, the holding in *Lutz* is also applicable to all the causes of action in this

2  case, and any award for lost wages is for the Court, not the jury, to decide.

3  **Procedural Question**

4  Plaintiff demanded a jury trial as part of his Complaint. Defendants did not object to

5  the jury demand. What effect does this have on whether the lost wages claim should be

6  tried by the Court or by a jury?

7  Where the parties both consent to have an action for equitable relief tried by a jury,

8  the Court has discretion to submit the claim for a non-advisory jury determination, pursuant

9  to Fed. R. Civ. P. 39(c).  The rule distinguishes between an advisory jury determination, for

10 which the parties' consent is unnecessary, and a non-advisory jury determination, for which

11 the parties' consent is required. A non-advisory jury determination has the same effect as if

12 a jury trial right existed.

13 The full rule states:

14 "Advisory Jury and Trial by Consent. In all actions not triable of right by a jury the
   court upon motion or of its own initiative may try any issue with an advisory jury or,
15 except in actions against the United States when a statute of the United States
   provides for trial without a jury, the court, with the consent of both parties, may order
16 a trial with a jury whose verdict has the same effect as if trial by jury had been a
   matter of right.
17
   Fed.R.Civ.P. 39(c).
18
19 Where a party demands a jury trial on an issue that is not jury triable, the opposing

20 party's failure to object may be deemed "consent" to the jury. [See FRCP 39(c); *Broadnax*

21 *v. City of New Haven,* 415 F3d 265, 270-272 (2nd Cir. 2005) -- defendant's failure to object

22 to plaintiff's demand for jury trial on lost wages under Title VII (equitable remedy) was

23 deemed consent to jury determination].

24 The court in *Broadnax* concluded that it had discretion to submit a claim for lost

25 wages to a non-advisory jury where the parties either consented or didn't object: "we agree

26 with the Seventh Circuit that having juries calculate lost wages requires no special

27 competence or authority belonging solely to the court. . . we find sensible the proposition

28 that where a party requests a jury determination of an issue requiring no special

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   competence or authority belonging solely to the court, and the other party or parties fail to

2   object, such silence may be deemed "consent" under Rule 39(c). Consequently, we hold

3   that when a party demands jury consideration of lost wages under Title VII and the party's

4   opponent fails to object, Rule 39(c) permits the district court to submit the lost wages issue

5   for a non-advisory jury determination." *Broadnax,* 415 F.3d at 272.

6        Consequently, if the parties do not object, a non-jury claim may be tried and decided

7   by a jury. In *Whiting v. Jackson State University*, 616 F.2d 116 (5th Cir.1980), the district

8   court had submitted the plaintiff's request for equitable relief under section 706 to the jury,

9   without objection from either side. *Id.* at 123. The jury returned a verdict in favor of the

10  plaintiff for, *inter alia*, unpaid salary with interest-that is, back pay. *Id.* at 120 & n. 2.

11  Invoking Rule 39(c), the circuit court held that "[b]y failing to object, the parties agreed that

12  the jury's verdict on the claims for equitable relief was to have the same effect as if a right

13  to a jury trial existed." *Id.* at 123; see also *Bereda v. Pickering Creek Indus. Park, Inc.*, 865

14  F.2d 49, 52 (3d Cir.1989) (holding that where both parties had requested a jury trial on Title

15  VII and other claims "and the subject of an advisory jury was never mentioned at any time

16  during the proceedings, [the plaintiff] and [the defendant] must be deemed to have

17  consented to a trial by a nonadvisory jury under Rule 39(c)"); *Hildebrand v. Bd. of Trs. of*

18  *Mich. State Univ.*, 607 F.2d 705, 710-11 (6th Cir.1979) (stating in dictum that where both

19  sides agreed to submit a question to the jury, even if no entitlement to jury determination

20  existed, the district court had abused its discretion in treating the jury's finding as merely

21  advisory).

## Conclusion

22

23       In the case at bar Plaintiff made a timely jury demand for a non-jury claim, his claim

24  for lost wages, an equitable remedy. Defendants did not object and therefore implied their

25  consent to a jury trial of this claim. The Court retains discretion, pursuant to FRCP Rule 39,

26  to try the case either with a non-advisory jury, with an advisory jury, or to the court. After

27  examining the full record in this case, including the parties' pretrial submissions of exhibits,

28

witnesses and their trial briefs, this Court concludes that in this case calculation of lost wages is a matter better left to the court. Although this is a lawsuit under Title II of the ADA for equal access to an educational facility for a disabled student, the damages at issue are for lost wages, a claim more often made in an employment context. Plaintiff Simonelli alleges that while he was a student at Boalt Hall School of Law at the University of California at Berkeley, he was denied full access to his legal education because of his disability. Specifically, he alleges *inter alia* that Defendants delayed his graduation by not giving him enlarged-print texts for his class reading assignments and textbooks in time for him to participate fully and stay caught up with his classes.

**Order**

Accordingly, the trial shall be bifurcated. Plaintiff's causes of action shall be tried by the jury, which will, if it finds liability, shall then calculate Plaintiff's damages for emotional distress, upset and suffering. The trial shall then proceed before the Court, without a jury, on Plaintiff's claim for lost wages as damages due to lost employment opportunities.

IT IS SO ORDERED.

DATED: October 23, 2007

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\02-1107\Lost Wages.wpd